IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANELL TRAVIS *ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED*,<br><br>*Plaintiff,*<br><br>v.<br><br>ASOCIACION PUERTORRIQUENOS EN MARCHA, INC.,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 18-05015 |

**PAPPERT, J.**                                                                                       July 20, 2020
**<u>MEMORANDUM</u>**

    Shanell Travis sued her former employer, Asociacion Puertorriquenos en Marcha, Inc., under the Fair Labor Standards Act for allegedly failing to pay her and other employees overtime wages. Thirty-three other similarly situated employees "opted in" to this collective action. The parties reached a settlement and now move for the Court's approval. The Court grants the Motion and approves the settlement.

I

    Asociacion is a nonprofit foster care organization. *See* (Compl. ¶ 8, ECF No. 1). Plaintiffs worked for Asociacion as case managers. (*Id.* at ¶¶ 9–10.) This position did not require a master's degree or any other specialized academic training. *See* (*id.* at ¶¶ 12–14). Asociacion paid case managers "salaries of around $44,000 and classified them as 'exempt' from the FLSA's overtime pay mandate," meaning they did not receive any extra pay if they worked more than forty hours in a week. (Mot. for Approval 3, ECF No. 46); *see* (Compl. ¶¶ 16–17). Plaintiffs argued that the exemption Asociacion invoked applied only to positions that require "specialized intellectual instruction,"

1

which they claim the case manager position did not. (Mot. for Approval 4.) Asociacion countered that the exemption did apply because Plaintiffs each had either a bachelor's or master's degree and "significant work experience in the youth social services sphere." (*Id.*)

After the Court conditionally certified the FLSA collective, the parties engaged in discovery and participated in two mediation sessions. *See* (*id.*) During the second session, the parties reached a settlement, which they now ask the Court to approve. *See* (*id.*)

## II
### A

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Parties may settle FLSA claims by reaching a compromise supervised by either the Department of Labor or by a district court. *See* 29 U.S.C. § 216(b), (c); *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016). Although the Third Circuit has not addressed whether parties may settle FLSA claims without court approval, most district courts in this Circuit deem court approval necessary. *See Howard v. Phila. Housing Auth.*, 197 F. Supp.3d 773, 776 (E.D. Pa. 2016).

Before approving a settlement, a district court must find that the settlement resolves a *bona fide* dispute—that is, one involving "factual issues rather than legal issues such as the [FLSA's] coverage and applicability." *Id.* at 777 (internal quotations omitted). For example, a settlement resolves a *bona fide* dispute if its "terms reflect a reasonable compromise over issues, such as back wages, that are actually in dispute."

2

*Id.* (internal quotations and alterations omitted). If the settlement resolves a *bona fide* dispute, a court then asks whether "(1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace." *Id.* (footnote omitted). In FLSA collective actions, courts often consider the nine *Girsh* factors when deciding whether a settlement is fair and reasonable. *See Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975); *Kraus*, 155 F. Supp. 3d at 523 n.3 (discussing whether and how courts should apply the *Girsh* factors in FLSA actions).

B

In approving FLSA settlements, courts may "allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); *see also Kraus*, 155 F. Supp. 3d at 533. "Percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *Id.* (quoting *Keller v. T.D. Bank*, No. 12-5054, 2014 WL 5591033, at *14 (E.D. Pa. 2014)). This method awards a fixed percentage of the settlement fund to counsel. *Id.* To assess the reasonableness of attorneys' fees under the percentage-of-recovery method, courts consider a variety of factors such as (1) whether members of the collective action have raised objections; (2) counsel's skill and efficiency; (3) "the risk of nonpayment"; (4) the time plaintiff's counsel devoted to the case; and (5) "awards in similar cases." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). In class or collective actions, courts may also grant a service award to "named plaintiffs for the services they provided and the risks they incurred during the . . . litigation." *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 333 n.65 (3d Cir. 2011) (quotation omitted).

III

Under the proposed settlement, Asociacion will pay $162,000 plus any taxes associated with the settlement payments. (Mot. for Approval 5.) After subtracting $40,500 in attorneys' fees and expenses and a $5,000 service award for Travis, the thirty-four Plaintiffs will share the remaining $116,500. (*Id.*)

A

The settlement resolves a *bona fide* dispute. Asociacion and Plaintiffs dispute whether the case manager position required the "specialized intellectual instruction" necessary to exempt Plaintiffs from the FLSA's overtime mandate. (*Id.* at 4.) They also contest whether Plaintiffs in fact worked significant overtime hours. *See* (*id.* at 3, 9). The settlement resolves those disputes, setting the overtime wages and hours for each Plaintiff. *See* (Settlement Agreement, ECF No. 45-1).

The settlement is fair and reasonable. Although the case is not particularly complex, litigating it would be expensive and time-consuming. Had they not settled, Plaintiffs would have to defend against Asociacion's anticipated motions to decertify the collective and for summary judgment. *See* (Mot. for Approval 10). Plaintiffs' favorable reaction to the settlement—all but three have expressly approved and none have objected—also speaks to the settlement's fairness. *See* (*id.* at 10); (Suppl. Mem. Supp. Mot. for Approval, ECF No. 47). That the parties have conducted extensive discovery and held two mediation sessions supports the settlement as well. *See* (Mot. for Approval 10–11); *In re Cendant Corp. Litig.*, 264 F.3d 201, 235–36 (3d Cir. 2001). These factors—along with the genuine risks of establishing liability, proving damages and maintaining the collective, *see* (Mot. for Approval 11)—convince the Court that the settlement is fair and reasonable.

The settlement also furthers the implementation of the FLSA. Unlike some FLSA collective settlements, this one lacks "overly burdensome confidentiality agreements, overbroad release language, or sealed filings." *VanOrden v. Lebanon Farms Disposal, Inc.*, 2019 U.S. Dist. LEXIS 181897 at *4 (M.D. Pa. Oct. 18, 2019). Though the agreement bars Plaintiffs from discussing the terms of the settlement with the media, it does not otherwise prevent them from discussing the lawsuit. *See* (Settlement Agreement ¶ 9); *cf. Ogunlana v. Atl. Diagnostic Labs. LLC*, No. CV 19-1545, 2020 WL 1531846, at *5 (E.D. Pa. Mar. 31, 2020). And the release provision pertains only to claims that were "asserted in or reasonably related to the Action." (Settlement Agreement ¶ 4.) Because the Complaint alleges facts relevant only to claims for overtime pay, *see* (Compl. ¶¶ 8–17), the release provision does no more than discharge the claims actually asserted in the case, *see Ogunlana*, 2020 WL 1531846, at *6. Thus, approving the settlement does not frustrate the FLSA's purpose.

B

The requested attorneys' fees and costs are fair and reasonable. Plaintiffs' counsel seeks $40,500. *See* (Mot. for Approval 13). Expenses account for $6,732 of that figure. (*Id.*) The remaining $33,768 in attorneys' fees constitute just under twenty-one percent of the $162,000 settlement fund. (*Id.*) No Plaintiff has objected to counsel's fees and costs. *See* (*id.* at 14); (Suppl. Mem. Supp. Mot. for Approval 1). Counsel's experience and skill, the time devoted to the case, the genuine risk of nonpayment and awards in similar cases all add to the reasonableness of the requested fees and costs. *See* (Santillo Decl. ¶¶ 7–17, 22); (*id.* Ex. B); *cf. Solkoff v. Pennsylvania State Univ.*, 435 F. Supp. 3d 646, 658 (E.D. Pa. 2020). A "cross-check" of the fees sought ($40,500) with the fees generated under the lodestar method ($60,476) confirms that counsel's requests

are fair and reasonable. *See* (Mot. for Approval 15–16); (Santillo Decl. ¶¶ 18–22); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305–07 (3d Cir. 2005).

C

Travis's request for a service award of $5,000 is appropriate. As the named plaintiff, she bore the risks of litigation and should be compensated for her role as a public servant. *See Sullivan*, 667 F.3d at 333 n.65. Travis actively participated in both mediations and "has been most diligent throughout this litigation." (Mot. for Approval 13.) And a $5,000 award compares favorably with previous service awards. *See* (*id.*) (listing cases that approving awards of $7,500–$12,500 as appropriate).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.